UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SOGUEY ARACELY ARIZA LOPEZ | CIVIL ACTION NO. 22-1053 |
| VERSUS | JUDGE S MAURICE HICKS, JR. |
| KELLY CHRISTOPHER ASH | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion for Necessary Fees and Expenses (Record Document 77) filed by Petitioner, Soguey Aracely Ariza Lopez ("Ariza"), pursuant to the Hague Convention of the Civil Aspects of International Child Abduction, 25 Oct. 1980, T.I.A.S. No. 11,670 ("Hague Convention"), which was implemented in the United States by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* ("ICARA"). Having prevailed on the merits of the underlying action, Ariza moves for an award of necessary fees and expenses, including legal fees and costs, pursuant to 22 U.S.C. § 9007(b)(3), the fee-shifting provision of ICARA. Respondent, Kelly Christopher Ash ("Ash"), opposed the Motion for Necessary Fees and Expenses. See Record Document 80. For the reasons set forth below, the Motion for Necessary Fees and Expenses (Record Document 77) is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 11, 2022, this Court entered judgment in favor of Ariza, in accordance with its opinion issued on the same day. See Record Documents 73 and 74. The Court determined that Ash wrongfully removed and retained the parties' son, MCAA, and ordered Ash to surrender the child to the custody and possession of Ariza for the purpose

of returning MCAA to Honduras, the child's habitual residence. See id. Further, the Court ordered Ariza to file an itemization of fees, costs, and other expenses she wished to recover pursuant to Section 9007(b)(3). See id. The Court also allowed Ash to file an opposition to assert why he maintained the requested award would be "clearly inappropriate" under Section 9007(b)93). Id.

Ariza subsequently filed the pending Motion for Necessary Fees and Expenses to recover her attorney's fees, expenses, and costs incurred for the return of MCAA under the Hague Convention and ICARA in the total amount of $71,187.91. See Record Document 77-1 at 11. The requested award consists of $402 in court costs, $44,509.28 in legal fees and expenses, and $26,276.63 for Ariza's travel-related costs and other expenses. In support of her motion, Ariza attached three exhibits: (1) her Legal Services Agreement with her attorneys; (2) itemized invoices from her attorneys; and (3) receipts from airfare, travel and lodging expenses, and other miscellaneous expenses. See Record Documents 77-3, 77-4, and 77-5. In his opposition, Ash objects to being ordered to pay Ariza's attorney's fees and costs and argues that he does not have the means or assets to pay the $71,187.91 requested by Ariza. See Record Document 80.

## LAW AND ANALYSIS

### I.  Legal Standard

ICARA permits a successful petitioner to recover reasonable fees and costs; the provision is consistent with the Hague Convention's overarching goal of deterring wrongful child abductions and retentions. See Salazar v. Maimon, 750 F.3d 514, 520 (5th Cir. 2014) (citation omitted). Indeed, ICARA includes a mandatory obligation to impose necessary expenses, unless the respondent establishes that to do so would be clearly

inappropriate. See id. at 519. ICARA states, in relevant part:

> Any court ordering the return of a child pursuant to an action brought under [ICARA] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). Based on this statute, a petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court.

The statute essentially imposes two obligations on this Court when assessing an award of fees and costs: one petitioner-focused factor and one respondent-focused factor. First, the petitioner's expenses must be "necessary." With respect to the award of attorney's fees, this entails a traditional lodestar analysis. See Salazar, 750 F.3d at 523. Second, the award must not be "clearly inappropriate" in light of equitable considerations. See Homer v. Homer, No. Civ. A. 4:21-CV-02789, 2022 WL 4290465 at *2 (S.D. Tex. 2022).

## II. Analysis

Again, Ariza requests a total amount of $71,187.91, consisting of $402 in court costs, $44,509.28 in legal fees and expenses, and $26,276.63 for her travel-related costs and other miscellaneous expenses. The Court will begin its analysis with the request for $44,509.28 in legal fees and expenses.

### a. Necessary Attorney's Fees

In the Fifth Circuit, reasonable attorney's fees are calculated using the lodestar method. See La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-24 (5th Cir. 1995) (per curiam). To determine the lodestar, courts must determine the reasonable number of

3

hours expended by the attorney and the reasonable hourly rate for the attorney and then multiply the number of hours by the hourly rate. See id. at 324. There is a strong presumption in favor of the lodestar amount, but it may be adjusted based on the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

The burden is on the fee applicant to "produce satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (internal quotations omitted). The fee applicant must also produce contemporaneous billing records or other documents so the Court can determine which hours are compensable. See In re Enron Corp. Sec., Derivative & ERISA Litig., 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008). Finally, the fee applicant must show the reasonableness of the hours billed and must prove that he or she exercised billing judgment. See Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S. Ct. 1933 (1983).

Ariza's motion requests an award of attorney's fees based on the following hourly rates and hours expended by attorneys and staff at J.W. Bearden & Associates, PLLC in New Orleans, Louisiana:

---

[1] The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

| Attorney/Staff | Rate | Hours | Total |
|---|---|---|---|
| W. Bearden | $350 | 67.5 | $23,625 |
| W. Bearden | $165 | 8 (travel) | $1,320 |
| A. Mule | $220 | 49.25 | $10,835 |
| L. Villneurve | $150 | 1.0 | $150 |
| Administrative Staff | $50 | 6.0 | $300 |
| | | | $36,230 |
| *Less discounted amount* | | | $1,430 |
| **TOTAL** | | | **$34,800** |

Ariza also seeks out-of-pocket expenses in the amount of $2,759.07; a fixed fee for Peggy Walla, handwriting expert, in the amount of $5,350; and reimbursement for the Bearden Investigative Agency Invoice in the amount of $1,600.21. The Court will move these amounts to the expenses category.

Here, Ash has not contested the reasonableness of the hourly rates of the attorneys, paralegals, or administrative staff. Moreover, the Court finds that the hourly rates requested by Ariza's counsel and non-attorney support personnel are reasonable. "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." Martinez v. Refinery Terminal Fire Co., No. 2:11-CV-0295, 2016 WL 4594945, at *7 (S.D. Tex. 2016) (citing Kellstrom, 50 F.3d at 328).

Next, the Court must determine whether the hours claimed were "reasonably

expended" on the litigation. Kellstrom, 50 F.3d at 324. The fee applicant bears the burden of establishing the reasonableness of the number of hours expended on the litigation and must present adequately documented time records to the court. See Homer, 2022 WL 4290465, at *5. Parties submitting fee requests are also required to exercise "billing judgment," which "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." Walker v. United States HUD, 99 F.3d 761, 769 (5th Cir. 1996).

The total number of hours billed in this case is 131.75. Conducting a comprehensive review of the evidence of attorney's fees submitted, the Court finds that there is evidence of billing judgment exercised by Ariza's attorneys. For example, counsel subtracted $1,430 as a discounted amount from the fee total. Thus, after a careful review of the record and based upon the undersigned's extensive knowledge of this case, the Court finds the hours claims were reasonably expended and no reduction of the hours sought is warranted in this instance. Accordingly, the lodestar is calculated at $34,800.

"There is a strong presumption that the lodestar is reasonable, and it should be modified only in exceptional cases." Homer, 2022 WL 4290465, at *6. When deciding whether to make an adjustment to the lodestar, the Court considers the Johnson factors. See Johnson, 488 F.2d at 717-19. (5th Cir. 1974). The Fifth Circuit has reasoned that "the most critical factor in the analysis is the 'degree of success obtained.'" Jason D.W. v. Hous. Indep. Sch. Dist., 158 F.3d 205, 209 (5th Cir. 1998). Additionally, some of the factors are often included in the initial lodestar calculation; thus, the Court does not reconsider factors that were already considered during the initial lodestar calculation when deciding whether to adjust the lodestar. See id.

Here, the Court has carefully considered each of the <u>Johnson</u> factors as applied to this case and determines that they are considered and accurately reflected in the lodestar. The Court notes that the attorneys involved exercised billing judgment and were faced with a case involving an expedited nature. Ariza also obtained the relief she sought, that is, MCAA's safe return to Honduras. Therefore, having considered the strong presumption of the reasonableness of the lodestar, the Court concludes that no adjustment to the lodestar is necessary.

### b. Court Costs

Ariza seeks $402.00 in court costs for the filing fees of the Clerk of Court. Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." See <u>Pacheco v. Mineta</u>, 448 F.3d 783, 793 (5th Cir. 2006). Moreover, "[f]iling fees and citation costs are generally recoverable" under ICARA. <u>Homer</u>, 2022 WL 4290465, at *7. Thus, Ariza has established that she is entitled to recover her court costs in the requested amount.

### c. Travel/Transportation Costs and Other Miscellaneous Expenses

Ariza seeks out-of-pocket attorney expenses in the amount of $2,759.07; a fixed fee for Peggy Walla, handwriting expert, in the amount of $5,350; and reimbursement for the Bearden Investigative Agency Invoice in the amount of $1,600.21. She is also requesting $26,276.63 for travel-related costs and other miscellaneous expenses. Specifically, these include:

| | |
|---|---|
| Air Travel Expenses | $3,819.02 |
| Lodging Expenses | $7,876.32 |
| Rental Car and Fuel | $3,874.77 |

| | |
|---|---|
| Psychology Associates of Shreveport | $2,500.00 |
| Passport Expenses | $ 366.45 |
| Private Investigator Services | $7,840.07 |
| **TOTAL** | **$26,276.63** |
| *Plus out-of-pocket, expert, and investigative fees* | $9,709.28 |
| **TOTAL** | **$35,985.91** |

Ariza has submitted supporting documentation for all of these expenses. Specifically, she tendered detailed invoices for her airline fees, lodging expenses, and vehicle rental for travel to and from attorney meetings and court appearances. She also included the invoices for investigative services required to initially locate MCAA in the United States and the expenses related to supervised visitation with MCAA. The Court has reviewed the supporting documentation for each of these claimed costs and finds these expenses to be reasonable and necessary to Ariza's efforts to have MCAA returned to Honduras under the Hague Convention. See Neves v. Neves, 637 F. Supp. 2d 322, 344 (W.D.N.C. 2009) (Petitioner's claims for $10,324.65 in investigative services fees was reasonable and necessary to the efforts to have the children returned to Germany under the Hague Convention).

### d. Equitable Considerations and the "Clearly Inappropriate" Inquiry

Ash's concerns are also part of the assessment of a proper fee award. See Homer, 2022 WL 4290465, at *8. ICARA's "use of 'clearly inappropriate' indicates that the statute does not change the fundamentally equitable nature of cost awards." Id. Courts should

exercise equitable discretion in light of relevant considerations such as past domestic abuse, "whether a full fee award would leave a respondent-parent with a 'straitened' financial condition from caring for her child," and any good-faith belief on the part of a respondent that his or her were legal. Id. "Courts have discretion under ICARA to significantly reduce or even eliminate a respondent's obligation to pay a prevailing petitioner's attorney's fees and costs where such an award would be clearly inappropriate." Id. The respondent, not the petitioner, bears the burden of demonstrating that a fee award under ICARA is clearly inappropriate. See id.

Here, Ash lodges a general objection to being ordered to pay Ariza's attorney's fees and costs. See Record Document 80. Additionally, he cites his financial circumstances as an equitable basis for not awarding the requested fees and costs. Ash maintains that "he simply does not have the ability to pay such fees and costs." Id. at 1. Ash submitted a recent pay stub[2] and advised the Court of two assets[3] in support of his position that he does not have the means or assets to pay the $71,187.91 requested in Ariza's motion. See id. at 1-2. More specifically, Ash states "he certainly does not have the ability to pay [$71,187.91] in a lump-sum payment within a short time period." Id. at 2. Finally, Ash notes that his out-of-pocket expenses related to the instant litigation totaled $5,000. See id. at 1.

This Court is permitted to consider Ash's ability to pay and his financial circumstances. See Berendsen v. Nichols, 938 F. Supp. 737, 739 (D. Kan. 1996)

---

[2] Ash's pay stub reflects that he makes $40 per hour and is a contract employee of Insight Global, LLC. See Record Document 80-1.
[3] The first asset is a 2008 Nissan Titan valued at approximately $27,000. See Record Document 80 at 1. The second asset is a 10-foot box trailer valued at approximately $5,000. See id.

9

(reducing award by 15% in light of respondent's financial condition and because awarding full fee would unduly limit respondent's ability to support his children); Willing v. Purtill, No. CIV. 07-1618-AA, 2008 WL 299073, at *1 (D. Or. Jan. 31, 2008) (reducing fee award by 15% due to respondent's financial circumstances, particularly his unemployment). Ash's response provides evidence regarding his financial condition and employment and the Court finds these submissions somewhat persuasive. While there is case law to support a court awarding an ICARA fee award in excess of $70,000 (the requested amount in this matter is $71,187.91), the Court finds such an award in this case to be patently unreasonable in this instance. See Wasniewski v. Grzelak-Johannsen, 549 F. Supp. 2d 965, 980-81 (N.D. Ohio 2008) (approximately $118,000 for district court proceeding and subsequent appeal). Rather, the Court believes the equities in this case warrant a fifteen percent reduction of the full amount of Ariza's reasonable and necessary fees and costs. Accordingly, the fee and expense award in this case is reduced from $71,187.91 to $60,509.72.

## CONCLUSION

Based on the foregoing reasons, Ariza's Motion for Necessary Fees and Expenses (Record Document 77) is **GRANTED**. Ariza is granted $60,509.72 in necessary fees and expenses. Such amount reflects a fifteen percent reduction based upon Ash's financial circumstances.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 19th day of September, 2023.

_____
United States District Judge